(75 South. 697)

## BRASSEALE v. STATE. (6 Div. 266.)

(Court of Appeals of Alabama. May 8, 1917.)

1. WITNESSES ⊂⇒331½—IMPEACHMENT—CONVERSATION.

In a prosecution for assault to murder, the court properly refused to permit defendant to testify to a conversation between defendant and a witness at a time and place which had not been testified to by any witness.

2. HOMICIDE ⊂⇒166(3)—ASSAULT TO MURDER—EVIDENCE—DEFENSES.

In a prosecution for assault to murder, the court properly refused to permit defendant to prove that he had been informed that the prosecutor had mistreated defendant's daughter, the wife of prosecutor.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 323.]

3. CRIMINAL LAW ⊂⇒1172(1)—INSTRUCTIONS—GROUND FOR REVERSAL.

In a prosecution for assault to murder, the giving of an erroneous instruction that the jury could find defendant guilty of an assault with intent to murder, if, after considering all the evidence, they had a reasonable doubt that defendant committed the assault with intent to murder, required a reversal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3128, 3154.]

Appeal from Circuit Court, Blount County; J. E. Blackwood, Judge.

Ebb Brasseale was convicted of assault to murder, and appeals. Reversed and remanded.

Russell & Johnson, of Oneonta, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

SAMFORD, J. The evidence discloses the fact that the defendant met the person assaulted in the public road, began a conversation, which resulted in an assault by the defendant, and during the affray, and while it was in progress, defendant pulled his knife from his pocket, opened it, and cut the prosecutor. It also appears that the defendant is the father-in-law of the prosecutor, the prosecutor having married in March before the difficulty.

[1, 2] The court permitted the state to prove, over the objection of defendant, that the defendant cut prosecutor with a knife; that prosecutor had the wound treated by Dr. Denton; that prosecutor did not strike defendant during the difficulty; and refused to permit the defendant, on cross-examination, to ask a state's witness if he had not told defendant that, if defendant wanted to give prosecutor a beating, he (witness) would get prosecutor out, and refused to permit defendant to testify as to a conversation between defendant and a witness at a time and place which had not been testified to by any witness. The court also refused to permit the defendant to prove that defendant had been informed that prosecutor had mistreated defendant's daughter, who was the wife of prosecutor. The court did not err in any of these rulings.

[3] But the court gave to the jury in writing, which thereby became a part of his charge, the following:

"The court charges the jury that if, after considering all the evidence in this case, you have a reasonable doubt that the defendant assaulted Albert Braswell with the intent to murder him, you can find the defendant guilty of an assault with intent to murder."

The giving of this charge was clearly error. It is possible that this was on oversight. But for this charge the jury might, from the evidence, have found the defendant guilty of a lower degree of crime, and the giving of this charge was prejudicial to the rights of the defendant.

For the error pointed out, the judgment of the court is reversed, and the cause is remanded.

Reversed and remanded.